438

## Maimon et al. v. Yellow Cab Company et al.

*Hassrick & Stewart*, for plaintiffs.
*Fletcher W. Stites*, for defendant Godorov.

SMITH, P. J., October 19, 1931.—These matters come before the court on petitions and rules to strike off defendants' affidavit of defense. The petitions aver that the accident which caused the injuries which are the bases of these suits occurred on November 21, 1926; that a summons was issued on February 17, 1927, and statements of claim were served on the defendants in May, 1927, but no affidavit was filed on behalf of the defendants within fifteen days. That the cases were on the list for trial in room J, on February 20, 1929, and on that day the attorney for petitioners answered as ready for trial, but the cases were not reached. On February 23, 1929, counsel for petitioners received a copy of an affidavit of defense in each of the cases, filed on behalf of Abe Godorov, one of the defendants. The affidavits of defense are denials of agency of the person who was driving the automobile at the time of the accident which gave rise to these suits; but no application for leave of court to file these affidavits of defense was made by the attorney for the defendant, Godorov, although the fifteen-day period had expired—in fact, two and one-half years had passed since the date of the accident, and two years since the date of bringing suit. If the defense of Godorov was a true and just one, petitioners would be barred by the statute of limitations at this time from bringing action against the real driver of the automobile belonging to the defendant Godorov. The defendant Godorov by his action in neglecting to file an affidavit of defense until February 21, 1929, made it impossible for petitioners to assert their rights which they would otherwise have had, if the defense set up by Godorov, denying agency on the part of the operator of the automobile belonging to him, were proven to be true at the trial.

Petitioners prayed that a rule be granted, and be made absolute, to show cause why the affidavits of defense should not be stricken off. This rule was made returnable March 8, 1929.

Section thirteen of the Practice Act of 1915, P. L. 483, 485, provides that: "In actions of trespass the averments, in the statement, of the person by whom the act was committed, the agency or employment of such person . . . if not denied, shall be taken to be admitted in accordance with section six."

Section six provides: "Every allegation of fact in the plaintiff's statement of claim . . . if not denied specifically or by necessary implication . . . shall be taken to be admitted."

It is averred by plaintiffs in their statements of claim that (1) on or about November 21, 1926, the taxicab hereinafter referred to was the property of

the Yellow Cab Company of Philadelphia and was being operated by its servants, agents or employees; (2) at the time of the happening of the matters hereinafter related, the said automobile hereinafter referred to was operated by the Yellow Cab Company of Philadelphia, through its servants, agents or employees, with the permission of the Yellow Cab Company of Philadelphia, and was then and there operated for the benefit, business and purposes of the defendants; (3) at the time of the happening of the matters hereinafter related, the defendant, Abe Godorov, was the owner of an automobile bearing license No. 891620 (1926); (4) at the time of the happening of the matters hereinafter related, the automobile owned by Abe Godorov, one of the defendants, was being operated by the defendant, Abe Godorov, or his servants, agents or employees, for the business and benefit of the said Abe Godorov.

It appears from the pleadings that no affidavit of defense was filed in these suits within the fifteen days provided by the Act of 1915, but that two and a-half years after the accident, and two years after bringing suit, Abe. Godorov, one of the defendants, without leave of court, filed an affidavit of defense, wherein he denied that at the time of the happening of the matters referred to in the fourth paragraph of plaintiffs' statement of claim, the automobile of defendant was being operated by himself, his servants, agents or employees, for the business and benefit of deponent.

It will be noted that at the time of the filing of the affidavits of defense in these cases, the statute of limitations had run against the bringing of actions against any other person or persons who might be liable in damages or responsible for the death of one of the plaintiffs and for the injuries received by the others. It would be manifestly unjust and unfair to these plaintiffs if this defendant should be permitted to file his affidavits of defense at a time when the statute of limitations has run against the plaintiffs.

It was held in the case of Shoemaker v. Myers, 30 Dist. R. 240, by Gillan, P. J. (syllabus): "Since section 18 of the Practice Act of May 14, 1915, P. L. 483, imposes no penalty for failure to file an affidavit of defense in trespass, the affidavit may be filed up to the time of trial; leave of court should, however, be obtained in all cases where the affidavit is filed after the expiration of the fifteen days."

In the case of Boles v. Federal Electric Co., 89 Pa. Superior Ct. 160, 163, Judge Finletter, in an opinion which was sustained by the appellate court in a *per curiam* opinion, said: "Counsel for the defendant asked leave to amend 'to the effect that we were not in the premises at the time.' Passing the point that such an amendment would not have made the affidavit effective, we are of opinion that an amendment could not, with justice, have been permitted at this late date. Four years had elapsed since the accident, when the motion was made; and two years since the case was put at issue. In the meanwhile the statute of limitations had run, and a suit against any other person was barred. In other words, the plaintiff through the careless pleading, if it was careless pleading, of the defendant was deprived of all chance to recover for the serious injuries he had suffered. There is reason for requiring from a defendant, in such a case as this, a prompt and certain statement of his relation to the individual whose negligence causes injury to a plaintiff. The employment of such a person, his, and his immediate employer's, relation to the work in question, are matters nearly always unknown to the injured person. Whether the immediate actor is working on his own account, or is an agent for a third person, and who that third person is, and also the latter's relation to the work, depend so often upon private contracts, that the injured party is at a loss to know who, in fact, is at

fault. This was recognized by the draughtsman of the practice act, when he provided in Section 13, for specific averments on this subject, while he left the other allegations for proof at the trial."

We conclude that the rule as laid down by Judge Finletter in the above case is applicable and controlling in the cases at bar, and the rule to strike off the affidavit of defense should be made absolute.

And now, October 19, 1931, the rules heretofore granted to show cause why the affidavits of defense in the above-entitled cases should not be struck off are made absolute.